1  Robert L. Starr (183052)
   robert@starrlaw.com
2  Adam M. Rose (210880)
   adam@starrlaw.com
3  Theodore R. Tang, Esq. (313294)
   theodore@starrlaw.com
4  THE LAW OFFICE OF ROBERT L. STARR, APC
   23901 Calabasas Road, STE #2072
5  Calabasas, CA 91302
   Telephone: (818) 225-9040
6  Facsimile: (818) 225-9042

7  Attorneys for Plaintiff
   John Michael Schlim

ELECTRONICALLY FILED
3/28/2023 10:22 AM
San Luis Obispo Superior Court
By: Jessica Perez-Figueroa, Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN LUIS OBISPO

| | |
|---|---|
| John Michael Schlim, | Case No.: 23CV-0169 |
| Plaintiff, | **COMPLAINT** |
| v. | 1. Breach of Implied Warranty |
| Thor Motor Coach, Inc.; and Does 1 through 100, inclusive, | 2. Breach of Express Warranty |
| | 3. Violation of the Song-Beverly Act |
| Defendants. | 4. Violation of Uniform Commercial Code |

Plaintiff John Michael Schlim hereby states his causes of actions against Defendants Thor Motor Coach, Inc., and Does 1 through 100 (collectively "Defendants") as follows:

### PRELIMINARY FACTUAL ALLEGATIONS

1. John Michael Schlim ("Plaintiff") is an adult resident of Contra Costa County, State of California, and was at all times relevant residing therein.

2. Defendant Thor Motor Coach, Inc. ("Manufacturer") is a corporation authorized to conduct business in California. Manufacturer designs, manufactures, constructs, assembles, markets, distributes, and sells motor vehicles and components.

3. All acts and omissions of Defendants' employees, agents, associates, partners, parents, or subsidiaries as alleged herein occurred while they were acting within the course and scope of their

duties and Defendants are therefore responsible to Plaintiff under the doctrine of Respondeat Superior and/or other doctrines.

4. Plaintiff is informed and believes, and based on such information and belief alleges, that at all times relevant, each of the Defendants were and continue to act as the agents, servants, employees, representatives, and/or alter egos of the other, and in doing so, were acting within the scope of their relationship as such agents, servants, representatives, and/or alter egos, with the permission and consent of the remaining Defendants.

5. Plaintiff is unaware of the true names or capacities of the Defendants sued herein as DOES 1 through 100, inclusive ("Doe Defendants"), and therefore sues said Doe Defendants by such fictitious names. Plaintiff will seek leave of this Court to amend this Complaint to insert the true names and capacities of such Doe Defendants when such information has been obtained. Plaintiff is informed and believes, and based on such information and belief alleges, that each of the fictitiously named Doe Defendants has participated in some way in the wrongful acts and omissions alleged below, and is liable to Plaintiff for damages and other relief to which Plaintiff is entitled.

**JURISDICTION AND VENUE**

6. This action is properly filed in San Luis Obispo County because the acts and omissions that give rise to Plaintiff's claims took place this County, and Defendants transact substantial business in this County.

7. This Court has jurisdiction over Defendants because Defendants' unlawful conduct as alleged herein occurred in this County and Plaintiff suffered damages from such conduct within this County.

**FACTUAL ALLEGATIONS**

8. On or about October 30, 2021, Plaintiff purchased a new 2022 Thor Palazzo Vehicle Identification Number 4UZAAJFC6NCNP5505 (the "Subject Vehicle"). Manufacturer provided an express written warranty relating to the Subject Vehicle.

///

///

-2-
COMPLAINT

9. At the time the Subject Vehicle was delivered to Plaintiff, it was not in a merchantable condition, was not safe, and did not conform to the quality and safety guidelines reasonably expected of a motor vehicle.

10. In the time period that followed, the Subject Vehicle failed an unreasonable number of times, did not function properly, and was not safe or reliable.

11. The problems, defects, and/or nonconformities experienced by Plaintiff were not the result of any misuse on the part of Plaintiff, and were not the result of any modifications made to the Subject Vehicle.

## FIRST CAUSE OF ACTION

## BREACH OF IMPLIED WARRANTY

**(Against All Defendants)**

12. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above and, to the extent necessary, pleads this cause of action in the alternative.

13. At the time Plaintiff purchased the Subject Vehicle, Defendants impliedly warranted that the Subject Vehicle was of merchantable quality and that it was fit for its intended use.

14. Defendants breached the implied warranty in that the Subject Vehicle was not of merchantable quality and was not fit for its intended use.

15. The Subject Vehicle contained multiple manufacturer defects, defects in assembly, design defects, and other defects, rendering the vehicle unsafe and making it impossible for Plaintiff to use the vehicle without inconvenience, failure, and mechanical breakdown.

16. As a direct and proximate result of Defendants' breach, the Subject Vehicle is virtually useless due to the frequency of breakdown, the safety hazards associated with using the Subject Vehicle, and the amount of time the Subject Vehicle was out of service due to repair attempts.

17. Plaintiff demanded that Defendants repurchase the Subject Vehicle pursuant to California law. Defendants have refused.

18. Pursuant to Civil Code §§ 1793.2 and 1794, Plaintiff seeks reimbursement for the cost of financing the Subject Vehicle, owning the Subject Vehicle, repairing the Subject Vehicle, attorneys' fees, and a civil penalty in an amount to be proved at trial.

## SECOND CAUSE OF ACTION

## BREACH OF EXPRESS WARRANTY

### (Against All Defendants)

19. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above and, to the extent necessary, pleads this cause of action in the alternative.

20. Defendants expressly warranty that the Subject Vehicle was merchantable, fit for the purpose it was intended, and safely designed and assembled.

21. Defendants breached the express warranty because the Subject Vehicle was not merchantable, fit for its intended purposes, safely designed, or properly assembled.

22. Subsequent to Plaintiff's purchase of the Subject Vehicle, Plaintiff complained on several occasions that the Subject Vehicle was not functioning properly.

23. Plaintiff made reasonable attempts to have the Subject Vehicle repaired, however, Defendants did not properly repair the Subject Vehicle within a reasonable amount of time.

24. As a direct and proximate result of Defendants' breach of express warranty, the value of the Subject Vehicle is substantially less than reasonably expected by Plaintiff.

25. Plaintiff requested Defendants to release the Subject Vehicle pursuant to California law, but Defendants have willfully refused thereby justifying an award of a civil penalty pursuant to Civil Code § 1794.

26. Plaintiff suffered damages as a result of the breach.

27. Pursuant to Civil Code § 1794, Plaintiff also seeks reimbursement for the cost of financing the Subject Vehicle, owning the Subject Vehicle, rescission of the purchase agreement, restitution damages, costs relating to repairing the Subject Vehicle, and attorneys' fees in an amount to be proved at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF SONG BEVERLY ACT

### (Against All Defendants)

28. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above and, to the extent necessary, pleads this cause of action in the alternative.

-4-
COMPLAINT

29. The Song-Beverly Consumer Warranty Act provides that parties making express warranties with regard to consumer goods shall conform to the federal standards for disclosure of warranty terms set forth in the Magnuson-Moss Warranty Federal Trade Commission Improvement Act (15 U.S.C. § 2301, et seq.).

30. Under Civil Code § 1793.2(d)(1), if the manufacturer or its representative does not service or repair the goods to conform to applicable express warranties after a reasonable number of attempts, the manufacturer shall either replace the goods or reimburse the buyer in an amount equal to the lease price paid by the buyer, and/or loan payments and down payment paid by the buyer, less the amount directly attributable to use by the buyer prior to discovery of the nonconformity.

31. Civil Code § 1794(b)(2) provides that the measure of damages under the Song-Beverly Consumer Warranty Act is the right of replacement and reimbursement, as well as the cost of repair necessary to make the consumer goods conform.

32. The intent of the Song-Beverly Act is to protect consumers from warranty fraud and hold manufacturers accountable for their defective products.

33. As alleged herein, Defendants violated the Act by not repairing the Subject Vehicle after a reasonable number of attempts.

34. Defendants did not conform the Subject Vehicle to its express warranty after a reasonable number of attempts. The Subject Vehicle still does not conform to its warranty.

35. Under the Song Beverly-Act, if a warrantor of a vehicle is unable to repair a vehicle to conform to warranty after a reasonable number of repair attempts, the warrantor of the vehicle, upon demand from the consumer, must reimburse the consumer for the cost of purchasing and owning the vehicle.

36. Here, Plaintiff demanded that Defendants repurchase the Subject Vehicle, however, Defendants willfully refused in violation of the Song-Beverly Act.

37. Pursuant to Civil Code § 1794, Plaintiff seeks reimbursement for the costs of financing, and owning the Subject Vehicle, rescission of the lease/purchase agreement of the Subject Vehicle, restitution damages, reimbursement of costs relating to repairing the Subject Vehicle, attorney's fees, and a civil penalty in an amount to be proved at trial.

# FOURTH CAUSE OF ACTION

## VIOLATION OF UNIFORM COMMERCIAL CODE

### (Against All Defendants)

38. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the paragraphs above and, to the extent necessary, pleads this cause of action in the alternative.

39. At the time the Subject Vehicle was sold to Plaintiff, it contained multiple manufacturer defects, defects in assembly, defects in design, and other defects which rendered the Subject Vehicle unsafe for use and making it impossible for Plaintiff to use the Subject Vehicle without substantial inconvenience and mechanical failure.

40. Commercial Code § 1203 proscribes the duty of parties to deal with each other in good faith. This parallels the Lemon Law concept regarding charging a civil penalty for willfully refusing to act in good faith.

41. Commercial Code § 2602 covers the manner and effect of rejecting goods. Here, Plaintiff has properly rejected the Subject Vehicle.

42. Commercial Code § 2607 relates to establishing a supplier breach subsequent to the acceptance of goods. At the time Plaintiff purchased the Subject Vehicle, Plaintiff believed the Subject Vehicle conformed to factory specifications, but subsequently learned the Subject Vehicle did not conform. Consequently, Defendants' breached its warranty contract with Plaintiff.

43. When Plaintiff purchased the Subject Vehicle from Defendants, Plaintiff did so based upon the mutual understanding with Defendants that the Subject Vehicle conformed to factory specifications.

44. Plaintiff subsequently learned that the Subject Vehicle did not conform. Consequently, Defendants' breached its agreement with Plaintiff.

45. As a direct and proximate result of Defendants' conduct as alleged herein, Plaintiff purchased a virtually useless vehicle due to the frequency of breakdowns, the safety hazards associated with using the Subject Vehicle, and the amount of time the Subject Vehicle was out of service due to repair attempts made by Defendants.

///

46. Commercial Code § 2608 covers revocation of acceptance. Plaintiff hereby revokes acceptance of the Subject Vehicle because it does not conform to warranty specifications.

47. When Plaintiff entered into the purchase and took delivery of the Subject Vehicle, Defendants represented that said Subject Vehicle was of merchantable and good quality.

48. Under the terms of the purchase agreement, Plaintiff paid good and valuable consideration.

49. Subsequent to taking possession of the Subject Vehicle, Plaintiff learned that the Subject Vehicle was not in good and merchantable condition.

50. Plaintiff will suffer substantial harm and injury under if the purchase agreement is not rescinded since Plaintiff will be deprived of the benefit of the bargain in that the Subject Vehicle is significantly inferior to the vehicle Plaintiff bargained and paid for.

51. Plaintiff intends for the service of summons and complaint to serve as further notice of rescission of the purchase agreement and hereby demands Defendants restore to Plaintiff's consideration furnished pursuant to the purchase agreement.

52. Plaintiff further demands that Defendants reimburse the consequential damages incurred as a result of Plaintiff's purchase/lease of the Subject Vehicle.

53. As a result of entering into the purchase agreement with Defendants, Plaintiff incurred expenses in addition to those alleged above. Plaintiff will seek leave to amend this complaint to insert the true amount of those expenses when they are ascertained.

48.  Further, as a direct and proximate result of Defendants' breach alleged herein, Plaintiff suffered incidental and consequential damages in an amount to be proved at trial.

## JURY DEMAND

54. Plaintiff hereby demands a trial by jury on all issues of fact.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

First Cause of Action

1. Damages in an amount to be proved at trial
2. Incidental and consequential damages
3. Rescission of the lease/purchase agreement of the Subject Vehicle

-7-
COMPLAINT

4. For attorneys' fees and costs
5. A civil penalty according to proof
6. Pre-judgment interest; and
7. For other relief that this Court deems just and proper.

Second Cause of Action

1. Damages in an amount to be proved at trial
2. Incidental and consequential damages
3. Rescission of the lease/purchase agreement of the Subject Vehicle
4. For attorneys' fees and costs
5. A civil penalty according to proof
6. Pre-judgment interest; and
7. For other relief that this Court deems just and proper.

Third Cause of Action

1. Damages in an amount to be proved at trial
2. Incidental and consequential damages
3. Rescission of the lease/purchase agreement of the Subject Vehicle
4. For attorneys' fees and costs
5. A civil penalty according to proof
6. Pre-judgment interest; and
7. For other relief that this Court deems just and proper.

Fourth Cause of Action

1. Damages in an amount to be proved at trial
2. Incidental and consequential damages
3. Rescission of the lease/purchase agreement of the Subject Vehicle
4. For attorneys' fees and costs

5. A civil penalty according to proof
6. Pre-judgment interest; and
7. For other relief that this Court deems just and proper.

Date: March 21, 2023,               **LAW OFFICE OF ROBERT L. STARR**

_____
Robert L. Starr
Attorney for Plaintiff
John Michael Schlim